83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gilberto Agustin BOLANOS-ZUNIGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70801.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 18, 1996.
 
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilberto Agustin Bolanos-Zuniga, a native and citizen of Nicaragua, petitions this court for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We affirm.
 
 
 3
 The BIA's denial of asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We review for an abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The BIA's decision whether to withhold deportation is reviewed for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992).
 
 
 4
 In order to qualify for asylum, a petitioner must demonstrate "a well-founded fear of persecution on account of race, religion, nationality, membership in particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). In order to be eligible for withholding of deportation, an alien must demonstrate "a clear probability of persecution," INS v. Stevic, 467 U.S. 407, 413 (1984), a more stringent standard than that employed in evaluating asylum claims. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987).
 
 
 5
 As the parties are familiar with the factual and procedural history of this case, we will not repeat it here. Bolanos-Zuniga has failed to demonstrate either a "clear probability" or a "well-founded fear" of persecution. He was interrogated only once by the Sandinistas, who never threatened him, and he continued to work at his family's bookstore for four years after the incident. While his half-brother is a Contra who was sentenced to 30 years in prison by the Sandinistas, Bolanos-Zuniga never met him, nor has Bolanos-Zuniga been involved with the Contras.
 
 
 6
 We therefore find that the facts of this case warrant neither the granting of asylum, nor the withholding of deportation.
 
 
 7
 Accordingly, the order of the Board of Immigration Appeals is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3